Citation Nr: 1602946 
Decision Date: 01/29/16 Archive Date: 02/05/16

DOCKET NO. 09-18 697 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Waco, Texas


THE ISSUE

Entitlement to service connection for hypertension, to include as due to herbicide exposure and as secondary to service-connected diabetes mellitus and coronary artery disease. 


REPRESENTATION

Appellant represented by: Texas Veterans Commission


ATTORNEY FOR THE BOARD

C. Jones, Associate Counsel


INTRODUCTION

The Veteran had active military service from January 1963 to January 1966.

This matter comes before the Board of Veterans' Appeals (Board) on appeal of a November 2008 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Waco, Texas, which, in relevant part, denied service connection hypertension.

This matter was before the Board in November 2013 where it was remanded for additional development.


FINDING OF FACT

The weight of the evidence is against a finding that the Veteran's hypertension had its onset during military service or is otherwise related to such service.


CONCLUSION OF LAW

The criteria for service connection for hypertension have not been met. 38 U.S.C.A. §§ 1110, 5103, 5103A, 5107 (2014); 38 C.F.R. §§ 3.102, 3.159, 3.303, 3.309 (2015).


REASONS AND BASES FOR FINDING AND CONCLUSION

Duty to Notify and Assist

As provided for by the Veterans Claims Assistance Act of 2000 (VCAA), VA has a duty to notify and assist Veterans in substantiating a claim for VA benefits. 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5107, 5126 (West 2014); 38 C.F.R. §§ 3.102, 3.156(a), 3.159 and 3.326(a) (2015). VCAA requirements apply to all five elements of a service connection claim: veteran status, existence of a disability, a connection between a veteran's service and the disability, degree of disability, and effective date of the disability.

The Veteran received notification prior to the unfavorable agency decision in a letter dated in July 2008. Specifically, he was apprised of information and evidence necessary to substantiate his claim. He was notified of the information and evidence that VA would seek to provide and the information and evidence that he was expected to provide. He was also informed of how VA determines disability ratings and effective dates, as required by Dingess/Hartman v. Nicholson, 19 Vet. App. 473 (2006).

Next, VA has a duty to assist the Veteran in the development of the claim. This duty includes assisting him in the procurement of service treatment records and pertinent treatment records and providing an examination when necessary. 38 U.S.C.A. § 5103A; 38 C.F.R. § 3.159.

Service treatment records are associated with the claims file. Post-service treatment records have also been obtained. The Veteran has not identified any additional records that should be obtained prior to a Board decision. Therefore, VA's duty to further assist the Veteran in locating additional records has been satisfied. 

The Veteran was afforded VA examinations in October 2008 and April 2009 for his service-connected diabetes mellitus, which also discussed the diagnosed hypertension. Pursuant to the Board's November 2013 remand directive, an addendum etiological opinion was obtained in February 2014. The VA medical opinions are adequate for the purposes of the instant matter adjudicated herein, as they involved a review of the Veteran's pertinent medical history as well as a clinical evaluation of the Veteran, and provided an etiological opinion with supporting rationale. See generally Barr v. Nicholson, 21 Vet. App. 303, 311 (2007). 

Thereafter, the RO issued a supplemental statement of the case in February 2014. The Board finds that there has been substantial compliance with the Board's previous remand directives. See D'Aries v. Peake, 22 Vet. App. 97, 106 (2008); Stegall v. West, 11 Vet. App. 268 (1998). 

In sum, there is no evidence of any VA error in notifying or assisting the Veteran that reasonably affects the fairness of this adjudication.

Legal Criteria

Service connection will be granted if the evidence demonstrates that a current disability resulted from an injury or disease incurred in or aggravated by active military service. 38 U.S.C.A. §§ 1110, 1131; 38 C.F.R. § 3.303(a). 

Establishing service connection generally requires competent evidence of (1) a current disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a nexus between the claimed in-service disease or injury and the present disability. Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004); 38 C.F.R. § 3.303.

Where the veteran asserts entitlement to a chronic disease but there is insufficient evidence of a diagnosis in service, service connection may be established under 38 C.F.R. § 3.303(b) by demonstrating a continuity of symptomatology since service, but only if the chronic disease is listed under 38 C.F.R. § 3.309(a). Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013). 

Certain diseases associated with exposure to herbicide agents will be presumed to have been incurred in service even though there is no evidence of that disease during the period of service at issue. 38 U.S.C.A. § 1116(a) (West 2014); 38 C.F.R. §§ 3.307(a)(6), 3.309(e) (2015).

Veterans who, during active service, served in the Republic of Vietnam during the period beginning on January 9, 1962, and ending on May 7, 1975, shall be presumed to have been exposed to an herbicide agent, unless there is affirmative evidence of non-exposure. 38 U.S.C.A. §§ 1116; 38 C.F.R. § 3.307. A veteran who served on land in Vietnam is presumed to have had such exposure. Id. 

In addition, service connection may be established on a secondary basis for a disability that is proximately due to or the result of a service-connected disease or injury. 38 C.F.R. § 3.310(a). Establishing service connection on a secondary basis requires evidence sufficient to show (1) that a current disability exists and (2) that the current disability was either (a) caused by or (b) aggravated by a service-connected disability. 38 C.F.R. § 3.310(a)-(b).

When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, the Secretary shall give the benefit of the doubt to the claimant. See 38 U.S.C.A. § 5107; 38 C.F.R. § 3.102; see also Gilbert v. Derwinski, 1 Vet. App. 49, 53 (1990).

Factual Background

The Veteran contends that his hypertension is due to military service, to include exposure to Agent Orange. He also contends that the condition is caused or aggravated by his service-connected diabetes mellitus and coronary artery disease

Service treatment records are negative for complaints, treatment or diagnosis of hypertension. Notably, in the January 1966 separation examination, hypertension was not reported. Additionally, in the accompanying report of medical history, the Veteran denied a history of high blood pressure.

Post-service medical treatment records note a diagnosis of and treatment for hypertension. Hypertension was first noted in VA treatment records dated in November 2002.

In an October 2008 VA examination report, the examiner determined that hypertension was not a complication of the Veteran's diabetes mellitus because it preexisted the diagnosis of diabetes. The examiner also opined that hypertension was not worsened by the appellant's diabetes mellitus.

In a VA examination dated in April 2009, the examiner diagnosed essential hypertension not well controlled and opined that there were no complications of diabetes found on examination. He determined that hypertension had never been shown to be secondary to diabetes mellitus.

Pursuant to the Board's November 2013 remand directives, an addendum VA opinion was obtained in February 2014. The examiner noted that according to Harrison's Principles of Internal Medicine, 17th edition, 80-90% percent of hypertensive patients were diagnosed as having "essential" hypertension (also referred to as primary or idiopathic hypertension). In the remaining 5-20% of patients, a specific underlying disorder causing the elevation of blood pressure could be identified. He noted that diabetes mellitus and Ischemic Heart Disease (IHD) were not listed as secondary causes of systolic and diastolic hypertension. Further, the reference indicated that diabetes and/or IHD did not cause or aggravate hypertension in a patient with normal renal function. The appellant's renal function was normal. Therefore, the examiner opined that it was unlikely that the Veteran's diabetes mellitus and/or IHD caused or aggravated his hypertension. Further, it was most likely that the Veteran had essential or primary hypertension.

Analysis

While the record demonstrates that the Veteran currently suffers from hypertension, the weight of the evidence is against a link between the current disability and disease or injury during military service. 

At the outset, the Board notes that presumptive service connection for hypertension due to herbicide exposure in not warranted as the condition is not included in the list of diseases associated with herbicide exposure. See 38 U.S.C.A. § 1116; 38 C.F.R. §§ 3.307, 3.309. Therefore, service connection for hypertension is not warranted on a presumptive basis due to exposure to Agent Orange. 38 C.F.R. §§ 3.307, 3.309.

Notwithstanding the foregoing, the Board will consider the claim on a direct basis. See Stefl v. Nicholson, 21 Vet. App. 120 (2007); see Combee v. Brown, 34 F.3d at 1042.

In this regard, the service treatment records are negative for treatment for or a diagnosis of hypertension during military service. In the January 1966 report of medical history provided at separation from active duty, the appellant denied a history of high blood pressure. Moreover, there is no medical evidence suggesting that the condition is related to military service. The Board notes that the Veteran was first diagnosed with hypertension in November 2002, approximately 36 years after service. The passage of so many years between the Veteran's separation from active service and the diagnosis of hypertension, while not dispositive, is evidence against the claim. Maxon v. Gober, 230 F.3d 1330, 1333 (Fed. Cir. 2000). Additionally, the February 2014 examiner reported that the Veteran had "essential" hypertension, which was also called idiopathic hypertension. The Board notes that essential (idiopathic) hypertension is defined as "hypertension occurring without discoverable organic cause." DORLAND'S MEDICAL DICTIONARY 815 (32nd ed. 2012). In light of the foregoing, direct service connection for hypertension is not warranted.

The Board has also considered awarding service connection on a secondary basis, however, there is no evidence suggesting that the Veteran's hypertension is proximately due to or aggravated by his service connected diabetes mellitus or coronary artery disease. Notably, in the February 2014 VA opinion, the examiner noted that diabetes mellitus and IHD did not cause or aggravate hypertension in patients with normal renal function. In the present case, the appellant's renal function was normal, therefore it was unlikely that his service-connected diabetes mellitus or coronary artery disease caused or aggravated his hypertension. Additionally, the October 2008 examiner opined that hypertension was not a complication of diabetes mellitus because hypertension preexisted diabetes. Thus, service connection on a secondary basis is not warranted. 

Finally, the Veteran is not entitled to presumptive service connection based on the finding of a chronic disease because the evidence of record fails to show that hypertension manifested to a compensable degree within one year after his discharge from service in January 1966. 38 C.F.R. §§ 3.307(a) and 3.309(a).

The Board acknowledges the Veteran's assertion that his hypertension is related to military. Although in some cases a layperson is competent to offer an opinion addressing the etiology of a disorder, the Board finds that, in this case, the determination of the origin of the current condition is a medical question not subject to lay expertise. See Jandreua v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007). The condition involves a pathological process that is not readily observable to a layperson. The Board finds that in light of the non-observable nature of the pathology, the issue of the origin of the diagnosed condition is a medical question requiring medical training, expertise and experience. 

In light of the foregoing, the Board finds that service connection is not warranted for the Veteran's hypertension. As the preponderance of the evidence is against the claim, the benefit-of-the-doubt doctrine does not apply, and the claim of service for hypertension must be denied. See Gilbert v. Derwinski, 1 Vet. App 49 (1990).


ORDER

Entitlement to service connection for hypertension is denied.



____________________________________________
ERIC S. LEBOFF
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs